**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Planned Parenthood Southwest Ohio Region, *et al.*, | ) )  )  ) Case No.: 1:21-cv-00189 ) ) Judge Michael R. Barrett ) ) ) ) ) ) |
| Plaintiffs, | |
| vs. | |
| Ohio Department of Health, *et al.*, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND PROCEEDINGS TO HAMILTON COUNTY COURT OF COMMON PLEAS AND FOR ATTORNEYS' FEES AND COSTS

This matter is before the Court on Plaintiffs' Motion to Remand Proceedings to Hamilton County Court of Common Pleas and for Attorneys' Fees and Costs. (Doc. 7). Defendants Ohio Department of Health, Director Stephanie McCloud, and the State Medical Board of Ohio have filed a memorandum in opposition (Doc. 14), to which Plaintiffs have replied (Doc. 16).  As discussed below, Plaintiffs' Motion will be GRANTED.

I.   BACKGROUND

A. **Statutory Framework Giving Rise to Plaintiffs' Complaint**

The 133rd Ohio General Assembly passed Amended Senate Bill Number 27 ("S.B. 27"), which Governor Mike DeWine signed into law on December 30, 2020.  *See* https://www.legislature.ohio.gov/legislation/legislation-summary?id=GA133-SB-27 (last visited 03/29/2021); https://governor.ohio.gov/wps/portal/gov/governor/media/news-and-media/signs-bills-12302020 (last visited 03/29/2021).  S.B. 27 requires that fetal

remains from a procedural (also known as a surgical) abortion be cremated or interred. The statute gives a pregnant woman the right, if she so chooses, to determine both the manner and location of final disposition of fetal remains, but it does not require her to make either determination. Ohio Rev. Code § 3726.03(A)(1), (2). If a pregnant woman does not exercise this option, the abortion facility shall determine whether final disposition shall be by cremation or interment. *Id.* § 3726.04(A)(2). S.B. 27 is set to take effect on April 6, 2021. https://www.legislature.ohio.gov/legislation/legislation-status?id=GA133-SB-27 (last visited 03/29/2021).

S.B. 27 mandates that state-issued forms be used in the new disposition process. *See* Ohio Rev. Code § 3726.14. The Director of the Ohio Department of Health ("ODH"), a named defendant, is responsible for adopting rules that prescribe these forms within 90 days of S.B. 27's effective date, or by July 5, 2021. *See id.* It is undisputed that, to date, ODH has not adopted any such rules. Notice and comment is required before ODH can adopt rules, including rules concerning these state-issued forms. *Id.* §§ 119.03, 119.04. And because notice and comment is required as part of the process, Plaintiffs contend that the mandated state-issued forms will not be available to Ohio abortion providers until after S.B. 27 takes effect. (Complaint, Doc. 5 (¶ 6)).

A knowing violation of S.B. 27 risks conviction of a first-degree misdemeanor. Ohio Rev. Code § 3726.99. The criminal penalties associated with S.B. 27, however, expressly do not apply until ODH adopts rules concerning the state-issued forms. Am. S. B. No. 27, 133rd General Assembly, § 3(A). But the bill does not suspend noncriminal sanctions, which include civil actions for damages and professional

disciplinary actions. Ohio Rev. Code § 2317.56(G). For example and as to the latter, a physician who provides a procedural abortion without first obtaining his or her patient's written certification that they have received the mandated state-issued forms could have his or her medical license limited, revoked, or suspended. *Id.* § 4731.22(B)(21), (23). The State Medical Board of Ohio, also a named defendant, could impose a civil penalty against the physician of up to $20,000. *Id.* § 4731.225(B). In addition, the plaintiff facilities face revocation or suspension of, or refusal to renew, their ambulatory surgical facility ("ASF") licenses. Ohio Adm. Code 3701-83-.05.1(C)(2). The plaintiff facilities also face civil penalties up to $250,000. Ohio Adm. Code 3701-83-05.1(C)(4), 3701-83-05.2(B); *see* Ohio Rev. Code § 3702.32(D). ODH may order an ASF to cease operations and obtain an injunction enjoining said ASF from providing services. Ohio Adm. Code 3701-83-05.1(A), (B); *see* Ohio Rev. Code § 3702.32(D)(3), (E). ODH must report to the State Medical Board a finding that a physician working at an ASF violated a law—such as Ohio Rev. Code § 2317.56—related to informed consent. Ohio Rev. Code § 3702.30(E)(2). An ASF is subject to a civil penalty of up to $50,000 if a pattern of violation is found. Ohio Adm. Code 3701-83-05.1(F), 3701-83-05.2(F).

      Plaintiffs describe the potential civil penalties as "severe." (Doc. 7 PAGEID 454, 455).

### B. Procedural Posture

      On March 9, 2021, Plaintiffs[1] Planned Parenthood Southwest Ohio Region, Sharon Liner, M.D., Planned Parenthood of Greater Ohio, Preterm-Cleveland, Women's

---

[1] Plaintiffs together represent all providers of procedural abortions in Ohio. (Complaint, Doc. 5 (§ 19)).

3

Med Group Professional Corporation, and Northeast Ohio Women's Center LLC filed a Complaint for Declaratory and Injunctive Relief (Doc. 5) in the Hamilton County, Ohio Court of Common Pleas.  The Ohio Department of Health, Director Stephanie McCloud, and the State Medical Board of Ohio ("State Defendants") along with eleven county and city prosecutors ("Prosecutor Defendants") are named as defendants.  Plaintiffs' Complaint alleges both substantive and procedural due process claims as well as an equal protection claim, all in violation of the Ohio Constitution,[2] and seeks declaratory and injunctive relief.[3]  In a nutshell, and in regard to their due process claims, Plaintiffs allege that, because ODH has not yet adopted regulations and issued the necessary

---

[2] Count I alleges a substantive due process claim on behalf of Plaintiffs' patients:  requiring Plaintiffs to comply with ODH rules and use state-issued forms that do not yet exist, S.B. 27 effectively operates as a ban on all procedural abortions in violation of the right to abortion as guaranteed by Article I, Sections 1 and 16 of the Ohio Constitution.  Count II also alleges a substantive due process claim, but on Plaintiffs' own behalf:  requiring them to comply with S.B. 27 when compliance is impossible prevents Plaintiffs from providing procedural abortions, operating their businesses, and pursuing their professions.  As such, S.B. 27 is fundamentally irrational and arbitrary and violates substantive due process as guaranteed under Article I, Sections 1 and 16 of the Ohio Constitution.  Count III alleges a procedural due process claim on Plaintiffs' own behalf:  requiring compliance with S.B. 27 when compliance is not possible prevents Plaintiffs from providing procedural abortions, operating their businesses, and pursuing their professions.  S.B. 27, therefore, also violates Plaintiffs' right to procedural due process under Article I, Sections 1 and 16 of the Ohio Constitution.  Finally, Count IV alleges an equal protection claim on behalf of Plaintiffs and Plaintiffs' patients:  arbitrarily and irrationally singling out fetal remains from procedural abortions and treating it differently than tissue from miscarriage, with no adequate justification, violates Plaintiffs' and Plaintiffs' patients' rights to equal protection under Article I, Section 2 of the Ohio Constitution.

[3] Count V of the Complaint seeks a declaratory judgment pursuant to Ohio Rev. Code § 2721.01 *et seq.*, specifically asking the Court to find that:  (1) S.B. 27 violates Article I, Sections 1 and 16 of the Ohio Constitution because "it operates as a ban on all procedural abortion due to the impossibility of compliance"; (2) S.B. 27 violates Article I, Sections 1 and 16 of the Ohio Constitution because "it requires Plaintiffs to comply with [S.B. ]27 despite that the ODH-prescribed rules and forms necessary to comply do not exist"; and (3) S.B. 27 violates Article 1, Section 2 of the Ohio Constitution because "it arbitrarily and irrationally singles out tissue from a procedural abortion and treats such tissue differently than tissue from miscarriage, with no adequate justification."  (Complaint, Doc. 5 (¶ 107)).

In pertinent part, Ohio Rev. Code § 2721.03 provides:  "**[A]ny person whose rights**, status, or other legal relations **are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code**, municipal ordinance, township resolution, contract, or franchise **may have determined any question of construction or validity arising under the** instrument, **constitutional provision, statute, rule**, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."  (Emphasis added).

forms, it will be impossible for them to comply with S.B. 27 when it becomes effective; consequently, Plaintiffs will be forced to stop providing procedural abortions, which would violate their and their patients' rights. Plaintiffs' equal protection claim, in contrast, is distinguishable in that it challenges the constitutionality of S.B. 27 as a whole. (Doc. 5 (¶ 102) ("By arbitrarily and irrationally singling out tissue from a procedural abortion, and treating tissue from procedural abortion differently than tissue from miscarriage, with no adequate justification, SB27 violates Plaintiffs' and their patients' right to equal protection under Article I, Section 2 of the Ohio Constitution.")).

Plaintiffs filed a Motion for Temporary Restraining Order Followed by Preliminary Injunction (Doc. 6) along with their Complaint in state court. The State Defendants opposed Plaintiffs' Motion for a Temporary Restraining Order on the basis that it would be futile. (Defendants Ohio Department of Health, Director Stephanie McCloud, and State Medical Board of Ohio's Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order, Doc. 1-1 PAGEID 204–12). To this end, the State Defendants argued, "[i]t would be a better use of the court's time to schedule this matter for a full preliminary injunction hearing, so that the parties can better present the facts and evidentiary issues." (*Id.* PAGEID 210). Hamilton County Court of Common Pleas Judge Alison Hatheway apparently agreed and, in two-sentence entry dated March 12, 2021, denied Plaintiffs' Motion for a Temporary Restraining Order. (*Id.* PAGEID 214).

The State Defendants timely removed[4] this matter to federal court on March 18, 2021. (Notice of Removal, Doc. 1). In their Notice of Removal, they affirmatively state

---

[4] *See* 28 U.S.C. § 1446(b)(1).

5

their "understanding and position that the other defendants named in the Complaint [*i.e.*, the Prosecutor Defendants] are merely nominal defendants whose consent is not necessary for removal under 28 U.S.C. §§ 1441 and 1446." (*Id.* (¶ 12)). Later that day the State Defendants filed their response in opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 3) in accord with the briefing schedule set by Judge Hatheway (*see* Doc. 14 PAGEID 505). Plaintiffs filed their Motion to Remand (Doc. 7), in which they also seek an award of attorneys' fees and costs, on March 19, 2021. The same day Plaintiffs also filed a motion seeking an accelerated briefing schedule (Doc. 8), which the Court granted in part (03/23/2021 Notation Order). A status conference by telephone was held on March 26, 2021. This Order follows.

## II.    ANALYSIS AND DISCUSSION

### A. Standard of Law

A civil action brought by a plaintiff in state court may be removed by a defendant to federal court if the civil action could have been filed originally in federal court. 28 U.S.C. § 1441(a). Here, the State Defendants have removed this civil action on the basis of federal question jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1441(a), 1446. (Notice of Removal, Doc. 1 (¶ 5) PAGEID 5). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

### B. Summary of the Parties' Arguments

In support of their Motion to Remand, Plaintiffs contend that no federal question is present on the face of their well-pleaded Complaint and, therefore, this Court lacks subject-matter jurisdiction of this civil action. *See Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987). They additionally contend that the Court should not examine filings other than their Complaint to decide whether federal jurisdiction exists. But even if the Court were to do so—and to specifically consider their memorandum of law in support of their motion for injunctive relief—Plaintiffs' citation to federal law within that brief regarding their state constitutional claims cannot be the basis for removal. Plaintiffs also argue that the State Defendants' removal runs afoul of the rule of unanimity set forth in § 1446(b)(2)(A). Finally, Plaintiffs maintain that an award of attorneys' fees and costs is appropriate because the State Defendants "lacked an objectively reasonable basis for seeking removal." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

The State Defendants respond that Plaintiffs' Complaint is not well-pleaded, but, rather, is "artfully pleaded" in that it pleads federal-law claims as state-law claims. *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 358 (6th Cir. 2015) (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)). As such, they contend removal is proper. They further respond that Plaintiffs cannot bring claims under the Ohio constitutional provisions they reference because these provisions are not self-executing and do not create private causes of action. *See Calvey v. Vill. of Walton Hills*, No. 1:18 CV 2938, 2020 WL 224570, at *10 (N.D. Ohio Jan. 15, 2020),

7

*aff'd on other grounds*, No. 20-3139, -- F. App'x --, 2021 WL 164684 (6th Cir. Jan. 19, 2021).  The State Defendants also argue that there is an exception to the general rule of unanimity, as referenced in their Notice of Removal, when plaintiffs join "nominal" defendants.  *See Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 914 (6th Cir. 2018).  Finally, the State Defendants maintain that an award of attorneys' fees and costs would be inappropriate because "[r]emoval is not only objectively reasonable here, it is warranted."  (Doc. 14 PAGEID 516 (citing *Berera*, 779 F.3d at 358)).

    **C. Removal by the State Defendants, without the consent of the Prosecutor Defendants, fails under the rule of unanimity.**

As noted, the State Defendants purposely filed the Notice of Removal without the consent of the Prosecutor Defendants whom they regard as "nominal" defendants.  Plaintiffs argue that the failure of all defendants to join in or consent renders the notice of removal defective under the statute.  Plaintiffs are correct.

The State Defendants argue that the Prosecutor Defendants are "nominal" defendants because Plaintiffs' pending motion for preliminary injunctive relief only challenges S.B. 27 on due process grounds—the fact that the State Defendants have not adopted rules to issue the necessary forms, making it impossible for them to comply with the law on the date it becomes effective.  The Prosecutor Defendants play no role in adopting rules to create the necessary forms, and, by the express terms of the statute, may not initiate misdemeanor criminal prosecution until ODH adopts said rules.  Therefore, the State Defendants argue, the Prosecutor Defendants are "nominal" defendants, invoking one of two exceptions to the rule of unanimity.  *Beasely*, 744 F. App'x at 914 ("For a notice of removal to be proper, the rule of unanimity mandates that

8

all defendants who have been served or otherwise properly joined in the action must either join in the removal or file a written consent to the same. . . . Two **exceptions to this rule** are **where the non-joining defendant** has not been served with service of process at the time the removal petition is filed **or is merely a nominal** or formal **party**.") (cleaned up) (emphasis added).  Absent Plaintiffs' equal protection claim, this argument would make sense and provide a sound basis upon which to deny the motion to remand.

Count IV, however, looms equally large as Counts I through III.  It alleges an equal protection claim on behalf of Plaintiffs and Plaintiffs' patients and challenges the statute as a whole because it arbitrarily and irrationally singles out fetal remains from procedural abortions, treating this tissue differently than tissue from miscarriage with no adequate justification.  If a court were to agree, both the State Defendants *and* the Prosecutor Defendants would have to be enjoined, the latter to protect Plaintiffs from the criminal penalties within S.B. 27.  Plaintiffs here clearly have asserted an interest against the Prosecutor Defendants and just as clearly would be at risk "of receiving inadequate relief" without them.  *See Beasely*, 944 F. App'x at 915.  The Prosecutor Defendants, therefore, are not "nominal" defendants.  *See id.*

*Women's Med. Pro. Corp. v. Voinovich*, 130 F.3d 187 (6th Cir. 1997) supports this conclusion.  At issue there was an abortion clinic and affiliated doctor's constitutional challenge to H.B. 135, which, among other things, banned the use of the "dilation and extraction" abortion procedure.  The providers sued the governor of Ohio and the attorney general, as well as the Montgomery County prosecutor who claimed his presence was not "necessary" for the district court "to adjudicate the constitutionality

9

of the Act." *Id.* at 210. The Sixth Circuit rejected this argument, noting that the prosecutor had the power to charge an abortion provider with violating the Act. *Id.* Furthermore, the county prosecutor was indeed "necessary" vis-à-vis injunctive relief, because if the prosecutor were not named a party, he would not be bound by the district court's order finding the Ohio statute unconstitutional and enjoining its enforcement. *Id.* at 211. *See also Universal Life Church Monastery Storehouse v. Nabors*, No. 2:19-cv-00049, --- F.3d ---, 2020 WL 7632361, at *13–14 (M.D. Tenn. Dec. 22, 2020) (citing *Women's Med. Pro. Corp.* to hold that district attorney generals—responsible for criminal prosecutions in their respective counties—are properly named as defendants in suit, seeking declaratory and injunctive relief, challenging constitutionality of statute that prohibits persons who receive their ordinations online from performing civil marriages).

The State Defendants argue that prosecuting attorneys have "previously conceded" that they are nominal defendants in a different abortion-rights case pending before this Court. (Doc. 14 PAGEID 515 (citing *Planned Parenthood Southwest Ohio Region, et al. v. Yost, et al.*, No. 1:19-cv-00118 (Doc. 24, Amended Notice to Court Regarding Defense Provided by the County Prosecutors' Offices))). The Court disagrees with this characterization. The notice cited by the State Defendants simply confirms the prosecuting attorneys' understanding that the Ohio attorney general is responsible for defending the constitutionality of laws passed by the General Assembly. *See* Ohio Rev. Code § 109.02 ("The attorney general shall appear for the state in the trial and argument of all civil and criminal causes in the supreme court in which the state is directly or indirectly interested."). The Sixth Circuit recognized as much in *Women's Med. Pro. Corp.* While prosecutors may "understandably" expect the state to bear the

10

costs to defend the litigation, they cannot be dismissed as defendants because they, as enforcers of criminal penalties associated with the statute, are "proper parties to bear the injunctive relief requested by the plaintiffs."  130 F.3d at 211 (quotation marks and citation omitted).

No Prosecutor Defendant has joined in or consented to the removal of this civil action.  And, in fact, since removal, one Prosecutor Defendant has filed a notice in which he memorializes his opposition to removal.  (Defendant Zach Klein's Notice of Opposition to Removal of Proceedings from the Hamilton County Court of Common Pleas to Federal Court, Doc. 11).  Having concluded that the Prosecutor Defendants are not nominal parties, the Court further concludes that no exception to the rule of unanimity applies.  Accordingly, removal was improper under the mandatory language of the removal statute.  And no further inquiry into whether Plaintiffs' allegations are well-pleaded or "artfully pleaded" in terms of subject-matter jurisdiction is necessary. *See Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 814 (M.D. Tenn. 2019) ("[E]ven if jurisdictional issues were not fatal to the removal, [the removing defendant's] decision to remove case without the express consent of all defendants was procedurally improper and would independently warrant a remand.").

**D.  The Court Will Exercise its Discretion and Award Attorneys' Fees.**

"District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)."  *Warthman*, 549 F.3d at 1059.  In cases "where the removal was not objectively reasonable" or "where the removal attempt was not 'fairly supportable,'" the general presumption is that fees should be awarded.  *Id.* at 1060–61. A "two-step test" is applied to review the award of attorneys' fees under § 1447(c).  *A*

11

*Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015). Courts in the Sixth Circuit must consider first whether a defendant had an "objectively reasonable" basis to remove the case and second whether an "unusual circumstance" justified departing from the objectively-reasonable-basis rule. *Id.*

Mindful of the statutory requirements, the State Defendants made a calculated decision to remove this civil action without the consent of the Prosecutor Defendants on the theory that they are "nominal" defendants. Indeed, the State Defendants accused Plaintiffs of attempting to make their case "removal proof" by adding the Prosecutor Defendants. (Doc. 14 PAGEID 512). To the Court's mind, however, the law is and was clear that the Prosecutor Defendants are *not* nominal defendants and, so characterized, their joinder in (or consent to) the notice of removal was required. The State Defendants' decision to remove, therefore, in the face of *Beasley* and *Women's Med. Pro. Corp.* was not objectively reasonable. *Cf. Dunaway*, 391 F. Supp. 3d at 816 ("[The removing defendant's] difficulties in obtaining consent from all defendants were not the result of a lack of trying, and it was not unreasonable to hope that the court might conclude that the lack of consent from [one of the other defendants] was, in light of the circumstances, excusable.").

No "unusual circumstance" appears to justify the State Defendants' failure to obtain consent from the Prosecutor Defendants, or their failure to join in Plaintiffs' Motion to Remand once City of Columbus Attorney Klein filed his notice of opposition to removal. The State Defendants' accusation that Plaintiffs added the Prosecutor Defendants, and purported to bring only state-law claims, to avoid "adverse" federal

precedent[5] does not suffice.  Accordingly, the Court will entertain an application for reasonable attorneys' fees (and costs, if any).[6]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand Proceedings to Hamilton County Court of Common Pleas and for Attorneys' Fees and Costs (Doc. 7) is hereby **GRANTED**.  Plaintiffs' application for reasonable attorneys' fees (and costs, if any) shall be filed by **March 31, 2021 at 5:00 p.m.**

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[5] *See Box v. Planned Parenthood of Indiana and Kentucky, Inc.*, 139 S. Ct. 1780, 1782 (2019) ("This Court has already acknowledged that a State has a 'legitimate interest in proper disposal of fetal remains.'") (citation omitted).
[6] Given the number of attorneys of record, Plaintiffs are cautioned at the outset to eliminate duplication of effort from their application.